307 So.2d 326 (1975)
STATE of Louisiana
v.
Edward COUSIN.
No. 55318.
Supreme Court of Louisiana.
January 20, 1975.
Rehearing Denied February 21, 1975.
*327 John J. Dolan, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
By bill of information the District Attorney for the Parish of Orleans charged defendant with robbing Charles Marino of $170 while armed with a pistol. The defendant was tried by jury, found guilty as charged, and sentenced to serve thirty years in the custody of the Director of the Department of Corrections. He has appealed and relies on four bills of exceptions.

Bills 1-3
In his per curiam to these bills the trial judge said:
"These bills are based upon this Court's denial of the continuance prayed for by counsel for the defendant, John Dolan. The granting of the continuance is a broad discretionary function of a trial Judge and his denial of a continuance will not be disturbed on appeal in the absence of a clear showing of abuse of such discretion, State versus Polk, [258 La. 738] 247 So.2d 853 (1971). In the case at bar this Court is convinced its discretion was not abused in denying counsel's motion because no valid grounds existed for the granting of the continuance.
"Counsel for appellant claims he was not given time enough to consult with his client in order to establish a valid defense. The circumstances of the case do not support this contention.
"Defendant appeared for arraignment without counsel in Section "F" of the Criminal District Court. The office of the Orleans Indigent Defender Program (O.I.D.P.) was appointed to represent the defendant, Mr. Tilden Greenbaum of that office accepting the appointment. Because another case was pending against the defendant in Section "A" this case was transferred to this Section of Court under the rules of Court. A pretrial conference was held in this matter December 14, 1973 and defendant was represented by Mr. Maurice Hattier, also of the Orleans Indigent Defender Program. After pre-trial conference this case was set for trial with the joint consent of the District Attorney and the attorney of the O.I.D.P. Office. At approximately 4:30 PM January 17, 1974, the day before trial, Mr. John Dolan, attorney herein, telephoned the Court and orally requested a continuance, stating he had just been retained by the defendant's father. This motion was denied and counsel was informed that the case was specially set for trial, that pre-trial conference had taken place, and that Mr. Barry Viosca, of the Orleans Indigent Defender Program was ready for trial and represented the defendant.
"Counsel was informed by the Court that if he accepted his employment he must be prepared to go to trial on the set date. Counsel none the less accepted the case and this Court, because of the short time involved, offered him the assistance of Barry Viosca, Esq., a staff member of the Orleans Indigent Defender Program, who had been assigned to defend appellant, and who was prepared to defend said appellant at the trial, and who was willing to assist counsel and defendant. Mr. Dolan and the defendant refused the assistance of Mr. Viosca and again pleaded to this Court for a continuance which was denied.

*328 "Counsel was no stranger to this defendant or to this case. He had defended Edward Cousin in other cases in the past, and was present for the lineup in the case at bar, representing the defendant, which took place October 12, 1973. Counsel also filed motions for preliminary examination and habeas corpus in the present case on behalf of defendant, October 10, 1973, before he became attorney of record, and was fully versed with the facts of this case. This Court is convinced that nothing would have been gained toward the preparation of defense through the granting of a continuance, that the motion was frivolous, and dilatory in nature, and therefore this Court has not abused its discretion. These Bills are without merit."
The ruling denying the continuance was correct. La.Code Crim.Proc. art. 712. An accused has the right to counsel of his own choosing to defend him on a criminal charge. U.S.Const. amend. VI; La.Const. art. I, ¶ 9; La.Code Crim.Proc. art. 511. However, this right does not permit arbitrary action which obstructs orderly procedure in the courts. United States v. Bentvena, 319 F.2d 916 (2d Cir. 1963). Rather, the right to choose one's attorney is a right to be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage within the procedural framework of the criminal justice system of which it is a part. Further, absent a justifiable basis, there is no constitutional right to make a new choice of counsel on the very date the trial is to begin, with the attendant necessity of a continuance and its disrupting implications to the orderly trial of cases. United States v. Terry, 449 F.2d 727 (5th Cir. 1971); United States v. Cozzi, 354 F.2d 637 (7th Cir. 1965); State v. St. Armand, 274 So.2d 179 (La.1973); Commonwealth v. Novak, 395 Pa. 199, 150 A.2d 102 (1959). Once the trial day has arrived the question of withdrawal of counsel rests largely within the discretion of the trial judge. State v. Boudoin, 257 La. 583, 243 So.2d 265 (1971); State v. Skinner, 251 La. 300, 204 So.2d 370 (1967).
The motion for continuance filed by the defense does not comply with Article 707 of the Code of Criminal Procedure which requires that "An application for a continuance shall be by written motion alleging specifically the grounds upon which it is based, and when made by a defendant, must be verified by his or his counsel's affidavit."
The motion is not verified by the affidavit of either the accused or his attorney. Nor does the motion set forth specifically why more time is needed to prepare for trial. For example, there is no contention in the motion that a material witness is absent; or that state witnesses must be investigated; or that alibi witnesses must be found; or that certain pretrial motions must be filed; or that the jury list must be scrutinized, or anything else concrete or specific of this nature. Instead, the motion simply alleges that undersigned counsel has just been retained, and that
". . . counsel believes and maintains that in order to protect his client's rights afforded under the 6th and 14th Amendments of the United States Constitution that this request for a continuance is reasonable under the circumstances in order to give counsel an opportunity to review his client's case and prepare a defense to the crime charged."
The record is barren of any showing of how more time to prepare for trial would have benefited the defense, or, conversely, how the defendant was prejudiced by not being granted the continuance his new attorney sought to obtain for him on the day of trial. Any error which may have occurred by the ruling denying the continuance was therefore harmless under Article 921 of the Code of Criminal Procedure.
These bills have no merit.

*329 Bill 4

This bill was reserved when the trial judge denied defendant's motion for a new trial based upon the pretrial denial of the motion for a continuance. Since denial of the motion for a continuance was not error, so neither was denial of the motion for a new trial error. This bill is without merit.
The conviction and sentence are affirmed.
BARHAM, J., dissents.
Denial of continuance was an abuse of trial court's discretion.