364 So.2d 1024 (1978)
STATE of Louisiana
v.
Anthony LEE.
No. 62243.
Supreme Court of Louisiana.
November 13, 1978.
Rehearing Denied December 14, 1978.
*1026 James Miguez, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Nick Pizzolatto, Jr., Lake Charles, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Anthony Lee was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, defendant was found guilty as charged. After conviction, but prior to sentencing, the district attorney filed an information accusing defendant of previous felony convictions pursuant to La.R.S. 15:529.1 (Habitual Offender Law). After hearing, the trial judge found defendant to be an habitual offender and sentenced him to serve fifty years at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant relies on twelve assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion for a continuance based upon the state's alleged failure to comply with La.Code Crim.P. arts. 722[2] and 729.3.[3] He argues that the state's failure to comply with these discovery provisions together with the denial of his motion for a continuance deprived him of his right to prepare for trial.
Defendant and Daniel Kirt were charged in the same information with having participated in the same armed robbery. However, on the morning of the first day of trial (January 23, 1978), the state elected to try them separately. The state filed a separate information charging defendant with armed robbery and proceeded to trial on that information.
Prior to trial, defendant had filed a motion for discovery and inspection requesting, inter alia, that the state, pursuant to La.Code Crim.P. art. 722, be ordered to permit defendant to inspect and copy any *1027 relevant written or recorded confessions or inculpatory statements made by a codefendant and intended for use at trial, including any exculpatory evidence even though not intended for use at trial. On December 2, 1977, the trial judge granted the motion.
On the morning of trial, defendant moved for a continuance alleging that Kirt was prepared to testify for the state and that the state had failed to provide defendant with a transcript of testimony given by Kirt at his preliminary examination conducted on December 13, 1977. Defendant argued that the state's failure to provide him with a transcript of inculpatory statements made by Kirt at the preliminary examination violated La.Code Crim.P. arts. 722 and 729.3. Defendant requested that the trial judge allow him access to the transcript and a continuance to prepare for Kirt's expected testimony at trial.
The trial judge denied defendant's motion for a continuance but ordered that the transcript of Kirt's testimony at the preliminary examination be made available to defendant.
Pretermitting the question of the applicability of article 722 to Kirt's preliminary examination testimony, we find no abuse of discretion by the trial judge in denying defendant's motion for a continuance. La.Code Crim.P. art. 729.5A provides:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
Article 729.5A authorizes the trial judge to impose a wide range of alternative sanctions for the failure of a party to comply with court-ordered discovery. The trial judge May grant a continuance; however, a continuance is not mandated by this article.
In the instant case, the trial judge did in fact provide defendant with a transcript of Kirt's preliminary examination testimony on the afternoon of January 23, 1978. Kirt testified at defendant's trial on January 25, 1978. Hence, the defense had ample time to study the transcript prior to Kirt's testimony and, in fact, the record reflects that defense counsel utilized the transcript during the cross-examination of Kirt. Moreover, it should be noted that Kirt's recorded testimony at the preliminary examination was not used by the state at defendant's trial. Under these circumstances, we find no prejudice to defendant resulting from the trial judge's denial of his motion for a continuance.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying his motion for a continuance grounded on the claim that he was no longer indigent and that he had made arrangements to retain counsel to represent him. Defendant argues that a continuance was necessary for retained counsel to prepare for trial and that the denial of a continuance deprived him of his right to counsel of his choice.
On November 10, 1977, defendant informed the court that he could not employ counsel, and the court appointed counsel, Ms. Carla Chrisco, to represent him. Thereafter, Ms. Chrisco filed and urged appropriate pretrial motions on behalf of defendant. On the morning of trial, January 23, 1978, defendant filed a motion for a continuance based on the contention that he was no longer indigent and desired to retain counsel to represent him. At the hearing on defendant's motion for a continuance, defendant testified that he desired to retain Robert Jacques as counsel to represent him. He stated that he would be able to retain Mr. Jacques with funds secured from the settlement of a civil case previously filed by him. The settlement funds were in the *1028 form of a draft from Greyhound Lines, Inc. in the sum of $1,200, dated December 23, 1977. Although defendant did not have access to these funds ($800 after deduction for attorney fees) until a few days prior to trial, defendant testified that he had knowledge of and consented to the settlement figure on December 13, 1977. Defendant also testified that he expected additional funds to aid him in retaining counsel from a sister residing in Denver, Colorado. Defendant had telephoned his sister the night before the day of trial to request these additional funds. He stated that he had not contacted his sister earlier because it was not until then (night before trial) that he realized the "seriousness" of the charge against him.
The trial judge denied defendant's motion for a continuance, and court-appointed counsel thereafter represented defendant at trial.
Defendant's right to the assistance of counsel is guaranteed by both state and federal constitutions. U.S.Const. amend. VI; La.Const. art. 1, § 13. The right of a defendant to counsel of his choice has been implemented by La.Code Crim.P. art. 515, which provides in pertinent part:
Assignment of counsel shall not deprive the defendant of the right to engage other counsel at any stage of the proceedings in substitution of counsel assigned by the court.
This court has, however, consistently interpreted this right as one which cannot be manipulated to obstruct the orderly procedure in our courts and which cannot be used to interfere with the fair administration of justice. State v. Anthony, 347 So.2d 483 (La.1977); State v. Frezal, 278 So.2d 64 (La.1973); State v. St. Amand, 274 So.2d 179 (La.1973). The right of defendant to counsel of his choice must be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage within the procedural framework of the criminal justice system of which it is a part. State v. Dickerson, 353 So.2d 262 (La.1977); State v. Cousin, 307 So.2d 326 (La.1975); State v. St. Amand, supra. Once the day of trial arrives, the question of substitution of counsel rests largely within the discretion of the trial judge. See State v. St. Amand, supra; State v. Austin, 258 La. 273, 246 So.2d 12 (1971). The granting or refusal of a motion for a continuance rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. La. Code Crim.P. art. 712; State v. Adams, 347 So.2d 195 (La.1977).
In State v. Anthony, supra, this court was confronted with a situation closely analogous to the one that confronts us in the instant case. In Anthony, defendant, on the day of trial, filed a motion for continuance in order that he might have retained counsel try his case rather than court-appointed counsel. In holding that the trail judge's denial of defendant's motion for a continuance was correct, we isolated the factors pertinent to our conclusion:
. . . (1) The alleged retained attorney neither appeared in court to verify his retention, nor communicated with the trial judge in any other way; (2) the record reflects only defendant's statement that a third party had contacted and retained the attorney and that defendant had only had a telephone conversation with the attorney; (3) appointed counsel had filed a prior motion on the same ground regarding another alleged retained counsel; (4) the motion was made on the morning of trial; and (5) the alleged retained counsel neither made an appearance nor contacted the court either during the trial or on the Motion for New Trial.
A careful review of the record convinces us that the factors that led this court to hold that the trial judge's denial of defendant's motion for a continuance was proper in Anthony are also present in the instant case.
Defendant testified that he wanted to retain Robert Jacques as counsel to represent him. Defendant's appointed counsel stated that arrangements for Jacques to represent defendant at trial had been made *1029 by defendant's father. These arrangements, however, were not conducted with Jacques, but rather were conducted between defendant's father and Jacques' law partner. Neither defendant's father, Jacques, nor Jacques' law partner testified at the hearing below to substantiate the allegations of these arrangements. We further note that Jacques neither made an appearance nor contacted the court during the course of the trial. In fact, at the hearing on defendant's motion for a new trial, defendant was represented by retained counsel other than Jacques. We thus conclude, as did the trial judge, that the record presents an insufficient degree of substantiation of the alleged arrangements for retained counsel. Moreover, we find that defendant had ample time prior to the morning of trial to seek retained counsel and to notify the trial judge of this intention.
At the hearing on the motion for a continuance, the trial judge found that appointed counsel, Ms. Chrisco, had prepared for trial that day. An attorney, Thomas P. Quirk, in the same law office of appointed counsel was enrolled as co-counsel with Ms. Chrisco and actively participated in the entirety of the trial. Defendant offers no evidence of incompetence or unpreparedness on the part of appointed counsel nor of any prejudice suffered by him from appointed counsel's representation at trial.
Accordingly, we find that the trial judge did not abuse his discretion in denying defendant's motion for a continuance. La. Code Crim.P. art. 712; State v. Austin, supra.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in overruling his objection to an alleged prejudicial statement of evidence not in the record made by the prosecutor in closing argument.
The record reflects the following facts. Joseph Edwards, cashier of the Shop-Rite store and victim of the robbery, testified that the person who robbed him at the store was a black male who wore a tee shirt with the word "Schlitz" written on the front of the shirt and a woman's stocking pulled over his face. Despite this effort at concealment, Edwards stated that he immediately recognized defendant as the robber from the tone of his voice because they had attended the same high school and both had participated in the high school band. Edwards made in-court physical and voice identifications of defendant as the individual who robbed him.
Daniel Kirt testified that he spent the afternoon preceding the robbery with defendant. Kirt and defendant went to the Club Catalina where they remained for a short period of time. Kirk stated that he left the Club Catalina with defendant in a Grand Prix automobile owned by a friend of his who had been with them at the club. Kirt then dropped defendant off at another club called the Fine Fox, located across Highway 14 from the Shop-Rite store while he, Kirt, proceeded to drive to his sister-in-law's house. As his sister-in-law was not at home, Kirt returned to the Fine Fox in an effort to find defendant. Unable to locate defendant, Kirt drove across the street to the Shop-Rite store to buy gas. The cashier informed Kirt that he could not sell him any gas because there had just been a robbery. Kirt returned to his car and left the Shop-Rite store, driving down the side street adjacent to the Shop-Rite store. Approximately two or three blocks away from the store, he recognized defendant walking along the side of the street. Kirt testified that, when he picked up defendant, defendant was wearing a tee shirt with the word "Schlitz" written across the front. Defendant and Kirt drove to defendant's house where defendant changed clothes. Shortly thereafter, the police arrived and arrested defendant. Kirt stated that defendant was wearing a "buttoned up" shirt at the time.
During the state's closing argument, the prosecutor stated that Kirt had testified that, when he left the Club Catalina, defendant was wearing a tee shirt with "Schlitz" written across the front. Defense counsel objected to this statement on the *1030 basis that such testimony was not in evidence. The trial judge overruled the objection, adding that it was within the sole province of the jury what the testimony has been and what it has not been.
La.Code Crim.P. art. 774 provides that the argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. It is well settled that before a verdict will be overturned on the basis of improper argument, this court must be thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Berain, 360 So.2d 822 (La.1978); State v. Crumholt, 357 So.2d 526 (La.1978); State v. Davis, 353 So.2d 275 (La.1977).
In the instant case, Kirt testified that defendant was wearing a tee shirt with "Schlitz" written across the front when he picked up defendant after defendant had left the Club Catalina as defendant was walking along the side of the street. Arguably, the prosecutor's statement in closing argument was a permissible conclusion that could be drawn from Kirt's testimony. See State v. Johnson, 310 So.2d 600 (La.1975); State v. Webb, 307 So.2d 582 (La.1975). Nevertheless, even if the prosecutor's remark misstated Kirt's testimony, we do not consider, under the circumstances here presented, that the statement influenced the jury and contributed to the verdict. Edwards, victim, testified that the armed robber was wearing a tee shirt with the word "Schlitz" written across the front during the robbery. Kirt's testimony placed defendant in a tee shirt similar to that worn by the armed robber immediately after the robbery. This testimony alone was damaging to the defense. In addition, Edwards stated that he recognized defendant as the robber during the commission of the crime on the basis of past acquaintance. Edwards also made positive in-court physical and voice identifications of defendant as the robber. Moreover, the trial judge, in overruling defendant's objection to the prosecutor's statement, admonished the jury that it was within its sole province to determine what the testimony had been and what it had not been. The trial judge in his charge to the jury added that statements made by an attorney at any time during the trial did not constitute evidence or proof of facts.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends the trial judge erred in finding him to be an habitual offender under La.R.S. 15:529.1 (Habitual Offender Law). He argues that the state did not provide adequate proof of his prior convictions and of his identity as the same person who was convicted of those offenses. This contention is based on defense objections overruled by the trial judge to the introduction of certain evidence during the habitual offender hearing and to the ruling of the trial judge that sufficient proof had been adduced to find defendant to be an habitual offender. In brief, defendant also contends that the Habitual Offender Law is unconstitutionally vague and provides for the imposition of cruel and unusual punishment because of its vagueness. These contentions constitute attacks on the facial constitutionality of La.R.S. 15:529.1.[4]
After being informed by the trial judge of the allegations contained in the information, defendant chose to remain silent. After a hearing, the trial judge found defendant to be an habitual offender and sentenced him to serve fifty years at hard labor without benefit of parole, probation or suspension of sentence.
To prove defendant's conviction in 1970 of simple burglary, the state introduced certified copies of the bill of information charging Anthony Lee with simple burglary; minutes of court (dated September 9, 1970) showing that Anthony Lee pled guilty *1031 to the charge; minutes of court (dated September 30, 1970) showing that Anthony Lee was sentenced to serve four years at hard labor, which sentence was suspended and Lee was placed on probation for a period of four years.
To prove defendant was the same person who was convicted in 1970 of simple burglary, the attorney who represented Anthony Lee in connection with the prior burglary conviction testified that defendant herein was the same person whom he had represented on the simple burglary charge and who had pled guilty to it.
To prove defendant's conviction in 1971 of simple burglary, the state introduced certified copies of the bill of information charging Anthony Lee with simple burglary; verdict form of the jury signed by the trial judge and foreman of the jury indicating that Anthony Lee was found guilty on the charge of simple burglary (dated October 22, 1971); minutes of court (dated November 5, 1971) showing that Anthony Lee was sentenced to serve two years at hard labor to run consecutively with the sentence imposed in connection with Lee's 1970 burglary conviction in the event probation was revoked in said case; minutes of court (dated May 31, 1972) indicating that Anthony Lee's probation in connection with the sentence for the 1970 burglary conviction was revoked, suspension of sentence set aside, and Lee was ordered to serve the sentence (four years at hard labor) originally imposed.
To prove defendant was the same person who was convicted in 1971 of simple burglary, a deputy clerk of court who was present throughout the 1971 trial testified that defendant herein was the same person who was tried and convicted of the prior burglary charge. A probation officer testified that defendant herein was the same person whose probation (ordered in connection with the sentence for the 1970 burglary conviction) was revoked as a result of the 1971 simple burglary conviction.
The state also introduced the entire record of defendant's trial on the instant charge of armed robbery. The trial judge took judicial notice of the fact that defendant was the same person who had been convicted of armed robbery in his court approximately five weeks previously.
La.R.S. 15:529.1 requires proof of an accused's alleged prior felony conviction as well as his alleged identity. Moreover, the burden of proof rests with the state when an accused denies the allegations of the information or refuses to answer or remains silent. While La.R.S. 15:529.1 permits the establishment of prima facie proof of a prior felony conviction by compliance with subsection F,[5] necessary facts which permit enhanced punishment may also or instead be proved by other competent evidence. State v. Curtis, 338 So.2d 662 (La.1976). In the instant case, defendant's prior felony convictions were established by the certified copies of the bills of information, minutes of court and jury verdict reflecting defendant's convictions and sentences for the crimes charged. Such evidence established sufficient proof of defendant's prior felony convictions.
Once the state establishes a prior felony conviction, then it must offer proof that the accused is the same person who was convicted of the prior felony. State v. Curtis, supra. In Curtis, we stated:
Various methods of proof to establish identity have been recognized. We do *1032 not consider that identity of name of defendant and the person previously convicted is sufficient evidence of identity. Identification of the accused may be by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those in the prison record introduced, or by photographs contained in the duly authenticated record. [footnote omitted] (emphasis added)
In the instant case, the attorney who represented defendant in connection with the 1970 charge of simple burglary testified that defendant was the same person whom he had represented and who had pled guilty to the charge. See State v. Bennett, 357 So.2d 1136 (La.1978); State v. Hayes, 324 So.2d 421 (La.1975). To establish that defendant was the same person who was convicted in 1971 of simple burglary, the deputy clerk of court testified that defendant was the same person who had been tried and convicted on that previous charge. The trial judge took judicial notice of the fact that defendant was the same person whose conviction for armed robbery in his court served as the basic conviction for which the enhanced sentence was being imposed. See State v. Jones, 332 So.2d 461 (La.1976).
Defendant offered no evidence to the contrary. Accordingly, we conclude that there was sufficient evidence to establish that defendant was the same person who had been convicted of the prior felonies. In sum, the trial judge correctly found defendant to be an habitual offender.
Defendant also contends that the Habitual Offender Law is unconstitutionally vague and provides for the imposition of cruel and unusual punishment because of its vagueness. We have previously held that La.R.S. 15:529.1 is not vague or ambiguous. State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974). We have, in addition, repeatedly upheld the constitutionality of the statute against attacks contending that it violated the prohibition against cruel and unusual punishment. State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977); State v. Williams, 326 So.2d 815 (La.1976). Hence, there is no substance to these contentions.
Assignment of Error No. 10 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Defendant has neither briefed nor argued Assignments of Error Nos. 3, 4, 6, 7, 8, 9, 11 and 12. Hence, we consider them to have been abandoned. State v. Blanton, 325 So.2d 586 (La. 1976); State v. Carlisle, 315 So.2d 675 (La. 1975).
[2] La.Code Crim.P. art. 722 provides:

Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confessions or inculpatory statements made by a codefendant and intended for use at trial. Exculpatory evidence shall be produced under this article even though it is not intended for use at trial.
[3] La.Code Crim.P. art. 729.3 provides:

If, subsequent to compliance with an order issued pursuant to this Chapter and prior to or during trial, a party discovers additional evidence or decides to use additional evidence and such evidence is or may be, subject to discovery or inspection under the order issued, he shall promptly notify the other party and the court of the existence of the additional evidence, so that the court may modify its previous order or allow the other party to make an appropriate motion for additional discovery or inspection.
[4] Since these attacks are leveled at the constitutionality of the statute on its face, neither objection nor compliance with the assignment of errors procedure were necessary. State v. Williams, 322 So.2d 177 (La.1975); cf. State v. Chenier, 343 So.2d 177 (La.1977).
[5] Subsection F of La.R.S. 15:529.1 provides:

The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the finger prints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence on the trial of any person for a second and subsequent offense of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.