412 So.2d 1048 (1982)
STATE of Louisiana
v.
Fred J. CHAMPION.
No. 81-KA-2491.
Supreme Court of Louisiana.
April 5, 1982.
*1049 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion B. Framer, Dist. Atty., Walter P. Reed, Peter Garcia, Abbott J. Reeves, John J. Williams, Asst. Dist. Attys., Leo R. Hemelt, II, Sp. Prosecutor, for plaintiff-appellee.
Salvador J. Liberto, Jr., S. Austin McElroy, Public Defender Office, Covington, for defendant-appellant.
NESTER L. CURRAULT, Jr., Justice Pro Tem.[*]
The defendant was charged by bill of information with the armed robbery of Richard Heap, a violation of Louisiana Revised Statute 14:64. Defendant pleaded not guilty to that charge. On March 9, 1981, the defendant appeared in court for trial without counsel. Although he informed the court that he had retained Mr. Salvatore Panzeca to represent him, Mr. Panzeca was not present in court. So that the defendant would be represented at trial, which was reset to April 16, 1981, the court appointed the Public Defender's Office to represent Mr. Champion.
On the day of trial, appointed counsel appeared with the defendant and moved for a continuance. He maintained that he had not had sufficient time to prepare an adequate defense. After a lengthy discussion of this issue, the trial court denied the motion and proceeded to trial.
A verdict of guilty as charged was returned. The trial court denied a motion for a new trial which alleged that the verdict was contrary to the law and evidence and that defense did not have time to adequately prepare for trial. Subsequently, the defendant was sentenced to serve ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence.
On appeal defendant urges two assignments of error.
Assignment of Error No. 1
In this assignment, the defendant contends that he was denied counsel of his choice.
The Office of the Public Defender represented Fred Champion at his arraignment on January 6, 1981. At this hearing two motions were heard which were filed on December 4, 1980 on behalf of the defendant by the Public Defender's Office: Application for Bill of Particulars and Prayer for Oyer. On January 8, 1981, Mr. Wendall Tanner of the Public Defender's Office represented the defendant at a Motion for Bond Reduction.
On March 9, 1981, the defendant appeared in court unrepresented, insisting that Mr. Salvatore Panzeca had been retained. *1050 In appointing Mr. Salvador Liberto of the Public Defender's Office as counsel for the defendant, the trial court stated:
Mr. Champion says Mr. Panzeca is his lawyer. And as far as I'm concerned, Mr. Panzeca is not his lawyer because he's not entered himself as counsel of record and he's not here today. I'm not going to delay this case anymore. I'm looking to the Public Defender's Office unless Mr. Panzeca enters himself with a written motion that he's counsel of record.
Accordingly, some thirty-eight days prior to trial, the Office of the Public Defender was representing the defendant. Although Mr. Panzeca visited the defendant, the record does not reflect any enrollment as counsel.
This Court acknowledges that an accused has a right to be represented by counsel of his choice. However, such right may not be used to obstruct the orderly administration of justice.
In State v. Johnson, 389 So.2d 1302, 1304 (La.1980), this court held:
While a defendant's right to the counsel of his choice is firmly established in our law, that right may not be used to obstruct the orderly procedure in our courts nor to interfere with the fair administration of justice, and this Court has long so ruled. State v. Lee, 364 So.2d 1024 (La. 1978); State v. Anthony, 347 So.2d 483 (La.1977); State v. Frezal, 278 So.2d 64 (La.1973)
and further, at 1304, citing State v. Lee, supra,
The right of the defendant to counsel of his choice must be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage within the criminal justice system of which it is a part. State v. Dickenson, 353 So.2d 262 (La. 1977); State v. Cousin, 307 So.2d 326 (La.1975); State v. St. Amand, 274 So.2d 179 (La.1973)
In the instant case, sufficient time had elapsed since the arrest of the defendant on November 24, 1980 for counsel to have been retained. At least one continuance was granted in order to obtain representation. At that time, in an abundance of caution, the Court had appointed a member of the Public Defender's Office and indicated to both the defendant and counsel that another continuance would not be tolerated. Accordingly, this Court finds no merit to the defendant's contention that he was denied counsel of his choice. Additionally, it is noted that no contemporaneous objection was lodged either when such counsel was appointed or on the day of trial. Thus, the alleged error was not preserved for appeal. Defendant alleges that this is error patent on the face of the record. We disagree. It is scarcely clear that Panzeca might have been retained by the defendant and the present record before us suggests otherwise.
Assignment of Error No. 2
By this assignment the defense argues that the trial judge erred in not granting a continuance so that the Public Defender could prepare a defense.
Counsel was appointed on March 9, 1981. Throughout the month of March and into April he inquired if the defendant had retained other counsel, despite having been informed by the trial court that he represented the defendant until Mr. Panzeca "enrolled as counsel of record." Counsel need only to have checked the record to see that this had not been done.
Additionally, on April 16, 1982, the second date set for trial, the defendant informed counsel that Mr. Panzeca did not intend to represent him. Thus, for two days prior to trial, the defendant did nothing to assure himself of an adequately prepared attorney for trial. Although he contends he did not receive notice of trial, the transcript reveals at least an oral notification by the trial court on the occasion of the first continuance.
The granting or refusal to grant a motion for continuance rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal. State v. Simpson, 403 So.2d 1214, 1216 (La. *1051 1981). Whether a refusal to grant a continuance was justified depends primarily on the circumstances of the particular case. This court has generally declined to reverse convictions absent a showing of specific prejudice caused by the denial of the continuance. State v. Simpson, supra; State v. Ordonez, 395 So.2d 778 (La.1981).
Considering the factual circumstances of this case, it does not appear that the trial court abused its discretion in denying the motion for continuance.
This assignment lacks merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, Justice, concurring.
I respectfully concur.
Although the defendant may be entitled to postconviction relief because of ineffective assistance of counsel, it does not appear that the trial judge abused his discretion by denying a continuance under these circumstances.
NOTES
[*] Judge Walter I. Lanier, Jr. of the Court of Appeal, First Circuit and Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Blanche and Lemmon.