431 So.2d 865 (1983)
STATE of Louisiana, State-Appellee,
v.
Laura BROOKS, Defendant-Appellant.
No. 15326-KA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
*866 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James D. Caldwell, Dist. Atty., Tallulah, John D. Crigler, Asst. Dist. Atty., St. Joseph, for State-appellee.
Samuel Thomas, Tallulah, for defendant-appellant.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
*867 JASPER E. JONES, Judge.
The defendant, Laura Brooks, was convicted by a six person jury of the theft of more than $500 in violation of R.S. 14:67 and sentenced to six years at hard labor in the custody of the Department of Corrections. She appeals her conviction and sentence.
The appellant relies on two assignments of error on appeal. She contends that the district judge erred in:
1) denying her motion for continuance; and
2) sentencing her to six years.
The defendant obtained $12,483.00 in state Aid to Families With Dependent Children for which she was not qualified through an extended series of fraudulent misrepresentations. The defendant was charged by a bill of information filed March 8, 1982, with the theft, by fraud, of $12,483.00 in public assistance from September, 1975, through November, 1981.
The defendant was also arraigned on March 8, 1982. Though she was not accompanied by counsel at that time, defendant informed the district court that she had retained counsel, waived his appearance and entered a plea of not guilty. The case was continued for trial during the October, 1982, petit jury term.[1]
On September 13, 1982, a preliminary examination was held. The defendant was represented at the preliminary examination by appointed counsel.[2] At the conclusion of the preliminary examination the district court found probable cause for the charge.
On October 10 or 11, 1982, defendant contacted her present counsel. She did not perfect her employment of him until several days later.
Because of the length of the prior trial presided over by the district judge the defendant's trial was delayed until October 20, 1982. On October 19, 1982, the day before trial, the district judge received motions prepared by defendant's new counsel, for a continuance, a preliminary examination and discovery. These motions were not actually filed until October 20, the day of trial.
The basis of the motion for continuance was the lack of time for defendant's new counsel to prepare for trial. All three motions were overruled by the district judge and the trial began on October 20.[3]
After a trial lasting more than two days the defendant was convicted by the jury. Sentencing was set for October 27, 1982, and at that time the district judge imposed the sentence of six years at hard labor. This appeal followed. We affirm.
Assignment # 1
Through this assignment the appellant attacks the district judge's denial of her motion for a continuance as an infringement upon her right to be represented by counsel of her choice.
The trial judge has great discretion in deciding whether or not to grant a continuance and his decision not to do so should not be disturbed absent an arbitrary or unreasonable abuse of that discretion. LSA-C.Cr.P. art. 712. State v. Hammontree, 363 So.2d 1364 (La.1978); State v. Gaskin, 412 So.2d 1007 (La.1982).
The denial of a motion for continuance made on grounds of counsel's unpreparedness does not warrant reversal unless counsel is able to demonstrate specific prejudice resulting from this denial. State v. Haarala, 398 So.2d 1093 (La.1981).
The criminal defendant's right to counsel of his choice is a right that must be exercised at a reasonable time, in a reasonable *868 manner and at an appropriate stage of the proceeding. State v. Winston, 327 So.2d 380 (La.1976); State v. Cousin, 307 So.2d 326 (La.1975).
The right to counsel of choice cannot be manipulated to obstruct orderly procedure in the courts or to impair the fair administration of criminal justice. State v. Lee, 364 So.2d 1024 (La.1978); State v. Anthony, 347 So.2d 483 (La.1977); State v. Champion, 412 So.2d 1048 (La.1982).
Absent a justifiable basis, there is no constitutional right to change counsel on the day of trial with the attendant necessity of a continuance and its disrupting implications. State v. St. Amand, 274 So.2d 179 (La.1973); State v. Cousin, supra.
The defendant cannot obtain a delay by discharging or replacing his previous counsel at the last minute and then claiming that his new counsel has had insufficient time to prepare. State v. Stafford, 258 La. 523, 246 So.2d 849 (1971); State v. Anthony, supra.
The defendant was arraigned on March 8, 1982. She was not tried until October 20, 1982. Defendant had more than seven months to retain counsel but she failed to actually do so until three days before trial. There is no indication or allegation that appellant's appointed counsel, who was present on the opening day of trial, was not entirely prepared and competent to represent the defendant. We note that appointed counsel had filed a motion for a preliminary examination on behalf of appellant on September 7th, which establishes that appointed counsel had been representing the appellant at least six weeks before trial date.
Under these circumstances, defendant's unexplained decision, virtually on the eve of trial, to replace her appointed counsel with retained counsel may justifiably be regarded as merely for the purpose of delay and not good grounds for a continuance. State v. Stafford, supra.
The motion for continuance was considered by the court on the morning it was filed just before the trial began. Appellant argued no grounds for this continuance other than unpreparedness of her counsel which was occasioned by her unjustifiable, last minute change of counsel. This is not good grounds for a continuance. State v. Lee, supra, State v. Anthony, supra, State v. St. Amand, supra, State v. Cousin, supra, State v. Stafford, supra.
We note that the grant of any meaningful continuance in this case would have entailed a considerable disruption of the business of the district court. The case would have been delayed until the petit jury term of March, 1983, or a special petit jury would have been required. See Rule IV of the Sixth Judicial District.
In view of the lack of good grounds for a continuance and the disruption that would have been caused by a continuance, there was no abuse of discretion by the trial judge in denying defendant's motion for continuance. This assignment of error is without merit.
Assignment # 2
The appellant contends that the district judge erred in imposing a sentence of six years. Though the bases for this contention are not well articulated it appears that defendant attacks the sentence as imposed without compliance with C.Cr.P. 894.1 and as excessive.
The requirements of C.Cr.P. art. 894.1 are fulfilled when the record affirmatively shows that the trial judge considered the statutory sentencing guidelines. State v. McDermitt, 406 So.2d 195 (La.1981). The trial judge need not articulate every factor mentioned in C.Cr.P. art. 894.1 which he considered in imposing sentence. State v. Straughter, 406 So.2d 221 (La.1981).
At the sentencing hearing the trial judge adverted to the large amount of this theft, the defendant's prior conviction for issuing worthless checks and the extended period of fraud, deceit and subterfuge involved in the instant crime. All of the factual conclusions of the trial judge are supported by the record. The trial judge found that defendant had a propensity for *869 crime requiring correctional treatment in an institution and that the fraudulent and deceitful nature of this crime required a substantial period of confinement.
The remarks of the trial judge at the sentencing hearing show he was aware of and considered the guidelines of C.Cr.P. art. 894.1. This is all that is required. State v. Trahan, 412 So.2d 1294 (La.1982); State v. Bradley, 414 So.2d 724 (La.1982).
We now consider whether the sentence is constitutionally excessive under LSA-Const. Art. 1 § 20.
A sentence is excessive if it is grossly out of proportion to the severity of the crime or nothing more than the needless and purposeless imposition of pain and suffering. State v. Howard, 414 So.2d 1210 (La.1982).
The trial judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Feeback, 414 So.2d 1229 (La.1982).
The defendant was 30 years old at the time of trial. Through five years of fraud she was able to steal more than $12,000.00 in public assistance. She has previously pleaded guilty to issuing worthless checks, a crime which involves fraud.
The facts reveal the defendant to be a mature offender for whom fraud has been a way of life. Under the circumstances a term of imprisonment is appropriate though it will work some hardship on the defendant's children.
The defendant could have received up to ten years at hard labor and a fine of $3,000. The sentence actually imposed, six years at hard labor, is in the midrange of possible penalties. The sentence imposed fits both the offense and the offender. It does not shock our sense of justice and we cannot say that it represents nothing more than the purposeless and needless infliction of pain and suffering.
This assignment of error is without merit.
For the foregoing reasons the conviction and sentencing of the defendant, Laura Brooks, are affirmed.
NOTES
[1] Apparently the trial was set for October 18, 1982.
[2] It appears that defendant's belief, expressed at arraignment, that she had obtained counsel was false. Upon learning that defendant was unrepresented the district court appointed counsel for her.
[3] The district judge did not expressly rule on the motion for discovery. However, as he did not delay the trial so that discovery could be had we consider his action to be a tacit overruling of the motion.