FRED W. JONES, Jr., Judge.
The defendant, Olds, charged with one count of simple burglary ■ (La.R.S. 14:62), was tried by jury and found guilty. After reviewing a presentence report, the trial judge sentenced the defendant to four years at hard labor, which sentence was suspended, and defendant was placed on five years probation with the condition that he serve six months in jail and pay a fine of $500.
The defendant appealed his conviction and sentence, contending the evidence was insufficient to support his conviction and the trial judge failed to adequately comply with La.C.Cr.P. Article 894.1 and imposed an excessive sentence.
Finding sufficient evidence to support the conviction, finding adequate articulation of sentencing considerations under Article 894.1, and finding the sentence not constitutionally excessive, we affirm the defendant’s conviction and sentence.
FACTUAL CONTEXT
During the early morning hours of March 16, 1985, Monroe police were summoned by silent alarm to the Piggly Wiggly store. Upon entering the store, they discovered some of the ceiling tiles on the floor. Two of the officers proceeded to the roof where they discovered the defendant lying behind an air conditioning unit. In his possession the police found a flashlight, wire cutters, a screwdriver and a plastic trash bag. Several of the roof vents had been opened and one provided a view of the floor inside the store. Next to that particular vent the police discovered a coil of rope and a yellow rubber kitchen glove.
The defendant was placed under arrest and consented to a search of his “pop-up” trailer where defendant often slept, located in the backyard of his fiancee’s house which is adjacent to the Piggly Wiggly. The matching rubber glove was discovered in the trailer.
ASSIGNMENT OF ERROR NO. 1 — Insufficient Evidence
Defendant contends the evidence presented was insufficient to support his conviction.
Under the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The standard of appellate review of a conviction is the same in all cases, whether or not circumstantial evidence is involved.
A review of the record reveals defendant was discovered lying behind an air conditioning unit on the roof of the store where a silent alarm had summoned police to a break-in. The defendant was found in possession of a flashlight, wire cutters, screwdriver, and a plastic trash bag. Several vents were open and the interior floor of the store could be seen through one. A rope was found nearby.
The defendant testified he had just returned from a fishing trip and heard his dog barking. He said he looked outside and saw a black male near defendant’s truck. The man proceeded to the roof of the Piggly Wiggly and defendant followed. He then fell into an open vent, injuring his leg and allowing the man to get away. Defendant testified he used the tools found on his person during his fishing trip. He disavowed any knowledge of the plastic trash bag or the rope. He stated he remained silent when the police arrived because he did not like police and thought they would “ ... just go ahead and throw me in jail anyhow ...” Defendant’s fiancee partially corroborated his story, saying that she, too, had seen the black male.
Defendant relied upon testimony that a person could not reach the eight to twelve feet from the roof down to the suspended ceiling to remove the tile. This argument, however, ignores the existence of the rope. It is quite plausible that the rope could have been used to lower a person down into *1257 the store in order to remove the ceiling tile and gain access.
Additionally, defendant argues that the State failed to prove the required intent to commit a felony or theft inside the store. Intent does not have to be proven as fact but may be inferred from the circumstances and the actions of the defendant. When viewing the circumstances and actions of the defendant, we find ample support for the jury’s conclusion that the defendant entered the store with the intent to commit a theft therein.
Accordingly, when viewed in the light most favorable to the prosecution, we find that a rational factfinder could correctly conclude that sufficient evidence was presented to prove every element of the crime of simple burglary beyond a reasonable doubt. Jackson v. Virginia, supra. This assignment of error has no merit. ASSIGNMENTS OF ERROR NOS. 2 and 3 — 894.1 Compliance/Excessive Sentence
Defendant argues the trial court failed to comply with the guidelines of La.C.Cr.P. Article 894.1 and imposed an excessive sentence.
The sentencing guidelines of La.C. Cr.P. Article 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstances outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983).
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983).
A sentence is constitutionally excessive and in violation of Louisiana Constitution of 1974, Art. 1, § 20, if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983).
. In the instant case, the record clearly supports the sentence imposed by the trial court. The maximum imposable prison sentence for simple burglary is 12 years. The trial judge reviewed the presentence report which revealed defendant’s transient employment record and lifestyle. The defendant is a 22 year old first felony offender. He was arrested several months prior to the commission of this offense and charged with simple battery, damage to property, resisting arrest and aggravated burglary, all in apparent connection with a domestic disturbance. These charges were subsequently dismissed. About one month prior to the commission of the instant offense, the defendant was charged with felony theft, simple escape, speeding and driving under suspension. His guilty plea to unauthorized use of a movable was accepted several weeks prior to trial on the instant offense. He was sentenced for both convictions (the unauthorized use of a movable and simple burglary) on September 27, 1985.
When reviewing the record of defendant’s arrest and conviction during a period of a few short months, it can hardly be said that defendant’s sentence of four years of a possible twelve years is excessive. Accordingly, we find no manifest abuse of discretion by the sentencing judge or failure by the judge to particularize the sentence to the defendant. These assignments of error are without merit.
DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.