SEXTON, Judge.
From his conviction of felony theft of property valued over $500, defendant Noel E. Byars appeals his conviction and sentence.
The charges arose after defendant, who was then serving as mayor of the city of Minden, deposited a check in the amount of $2166.60 which had been issued to him by the Louisiana Department of Environmental Quality (D.E.Q.) into his personal checking account. The check was issued by the D.E.Q. to reimburse Mayor Byars and several other individuals for expenses which they incurred in a trip taken by them and sponsored by the D.E.Q. Mayor Byars failed to disburse the monies to the other travelers.
Defendant was subsequently sentenced to five years at hard labor. The hard labor prison sentence was suspended and the defendant was placed on supervised probation for a period of five years, together with the following special conditions of probation: a fine of $2000, all costs of court, 5000 hours of community service, four hours per month of mental health counseling for five years, payment of the probation supervision fee, and abstinence from the use of alcohol or controlled dangerous substances.
Defendant now brings this appeal raising five assignments of error:
1. The trial court erred in denying the defendant’s motion for a new trial;
2. The trial court further erred in denying defendant’s motion for a change of venue;
3. The trial court erred in denying defendant’s motion for post verdict judgment of acquittal;
4. The trial court erred in imposing an excessive sentence; and
5. The trial court erred in allowing the travel expense vouchers of Mr. Schuetts to be introduced into evidence.
We now affirm the defendant’s conviction and sentence choosing only to deal *535 with the contention of excessive sentence per Assignment of Error No. 4 in the published portion of this opinion. The remainder of the opinion (the detailed facts and the disposition of the other assignments of error) is hereby designated as an unpublished appendix.
Assignment of Error No. 4 Excessiveness of Sentence
For the crime of theft in excess of $500, the defendant was exposed to a maximum of ten years at hard labor and a fine of $3000. The trial court imposed a five-year hard labor sentence, which was suspended, and the defendant was placed on supervised probation for a period of five years. The following special conditions of probation were imposed: 1) a $2000 fine; 2) payment of court costs in the amount of $77.00; 3) payment of $1339.60 for costs of the jury trial; 4) 5000 hours of community service to be served as a teacher at Wade Correctional Institute at the rate of 1000 work hours per year plus 250 travel hours per year over a four-year period, travel expense to be at defendant’s cost; and 5) four hours per month mental health counseling for five years at defendant’s cost.
Compliance with LSA-C.Cr.P. Art. 894.1 is not contested, rather, the defendant contends that the sentence is constitutionally excessive. Defendant does not specifically complain of the five-year term of the labor sentence, but restricts his complaint to the requirement of probation relating to community service. Defendant contends that the large number of hours of community service work required is inconsistent with the other terms of probation, specifically, that defendant maintain a job and that he pay the $2000 fine and costs of trial. He argues that the teaching hours required of him will produce such hardship on him that not only will it be almost impossible for him to find an employer that will tolerate these extra demands, but that it will be physically difficult for a man of his age to withstand the burden of a regular job plus the community service work.
Defendant further argues that the imposition of 5000 hours of community service is not permitted by LSA-C.Cr.P. Art. 895 because that article requires that the conditions of probation imposed by the sentencing judge be “reasonably related to his rehabilitation.” Defendant argues that community service is not rehabilitative, but is rather, when given involuntarily under sentence, punitive.
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983).
It is clear from viewing the sentencing transcript that the trial judge labored to devise a sentence which he considered most beneficial to defendant’s rehabilitation and also adequate to repay defendant’s indebtedness to society. The trial judge was taken with the view that the defendant would make an excellent teacher and serve the state well while teaching inmates at the nearby Wade Correctional Center, noting that the defendant’s service might by “guesstimate” save the state something in the neighborhood of $25,000 or $30,000 in teaching expenses.
We disagree with the defendant that community service is punitive per se. Community service is a well recognized and acceptable method of rehabilitation. We are aware, however, that the defendant is not currently employed, having been removed from office as a result of a recall *536 election. It will be necessary for him to obtain employment in order to pay his fine and court costs and to support his family while on probation. The amount of community service ordered — 5000 hours at 1000 per year — amounts to just over 83 hours per month and just over 19'A hours per week. It is thus approximately 3.85 hours a day when worked on a daily basis. In contrast, it is obvious that a person who works a normal 40-hour week job will work approximately 173 hours over a period of a month, or approximately 2078 hours per year. Thus, the trial court order would at first glance seem to require that the defendant maintain a full-time job to support his family and then in addition fulfill a part-time (one-half time) job to complete his community service involving almost 20 hours a week.
Our initial reaction was that such community service, while difficult, is not unduly onerous where as here, it is designed to pertain to the defendant’s rehabilitation and is assessed as an alternative to incarceration. Many citizens accept even more difficult burdens to provide for their families. Obviously, however, working “a job and a half” regularly for five years can become an onerous situation if illness or protracted family difficulties intervene. Of course, those circumstances would address themselves to the sound discretion of the trial judge at that time should the defendant fall short of the mark.
Upon reflection, however, we recognized that in addition to the extra “one-half” job of teaching, the defendant will be required to travel to the vicinity of Homer, Louisiana, where Wade Correctional is located. Considering that factor, which is reflected in the trial court order, we became interested in whether the trial court intended that the 5000 hours be actual contact hours at teaching or whether that time was meant to include preparatory hours. Our reaction is that the tenor of the trial court order is to require 5000 hours of actual contact teaching time, in addition to travel and preparation. We are well aware that in order for a teacher to make a competent presentation, significant and equally competent preparation is required. Our experience as law students recalls to us that nine to ten hours a week is a “full teaching load” at that level. On the other hand, teaching in the prison system is far removed from that circumstance. We, of course, are unaware'whether the trial court envisions that the defendant will be teaching specific subjects in a classroom setting or whether the court anticipates that the defendant will be teaching on a more personal basis to the more illiterate of the prison population. This latter circumstance may require more or less preparatory time. In the final analysis, the record is simply insufficient for us to evaluate with further certainty the full import of the 5000 teaching hours imposed herein as a condition of probation.
With these uncertainties inherent in the nature of the condition of probation at issue, we are not prepared to say that 5000 hours of community service in and of itself over a five-year period is so onerous as to constitute per se an excessive sentence. We are of the view that such a period of community service is a difficult assignment, and if the period of community service increases because of the necessity for significant preparation or travel, then we are prepared to say that such community service is excessive. More succinctly stated, we conclude that 5000 hours of community service imposed over a period of five years is not an excessive sentence. That extent of service over that period of time does clearly approach the point of being excessive.
However, based on the record before us, we are unable to ascertain what the specific intention of our trial brother is with regard to the details of this community service. We are very reluctant to become involved in the details of administering this or any program of community service for a probationer. The trial court has the specific authority and obligation to oversee the probationary sentence it has imposed. We thus conclude that at this juncture the defendant’s complaint addresses itself to the administration of his probationary sentence rather than the substance *537 thereof. We further determine that it would be premature for us to rule on this condition of probation without first allowing the district court an opportunity to administer it in the light of our foregoing observations. We therefore affirm the sentence.
AFFIRMED.