288 So.2d 316 (1974)
STATE of Louisiana ex rel. Ramond EAMES
v.
J. AI AMISS, Sheriff.
No. 54142.
Supreme Court of Louisiana.
January 14, 1974.
Robert C. Williams, Williams & Eames, Etta Kay Hearn, Baton Rouge, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., for defendant-respondent.
CALOGERO, Justice.
We granted writs on relator's application in order to consider the merit of relator's contention that the State's failure to arraign him on charges of murder and afford him a trial on those charges in the twenty-four months that have elapsed since his January 10, 1972 arrest, is resulting in a denial of his constitutional right to a speedy trial.
The initial charges which prompted relator's arrest were disturbing the peace and murder. On January 11, 1972, the day following his arrest, relator was taken before the Nineteenth Judicial District Court, informed that he was charged with inciting to riot and murder, and told that due to the pending capital charges, no bail would be set.
On February 10, 1972, the East Baton Rouge Parish Grand Jury returned three true bills, one charging relator with partic *317 ipation in a riot which resulted in the deaths of Ralph Hancock and Dewayne Wilder and two others charging relator with the murders of those two men. Over a year after the indictments were returned, the East Baton Rouge Parish District Attorney nolle prosequied the indictment charging participation in a riot and filed a two-count Bill of Information charging relator with inciting and participating in a riot which resulted in the deaths of the two above-named individuals.
Relator applied to the Nineteenth Judicial District Court for a writ of habeas corpus on August 14, 1973. He alleged that his detention was unlawful and prayed, alternatively, for admission to bail on the murder indictments, a speedy trial on the murder charges or discharge from further confinement by virtue of the pending murder charges. A full hearing was held on August 17, 1973, wherein the State announced that the District Attorney had decided to prosecute first the "riot charges" pending against relator before proceeding to trial on the murder charges, and argued that C.Cr.P. Article 61[1] granted the District Attorney the right to exercise his discretion in deciding the order of prosecution of charges pending against an accused. Defendant argued that the State's action constituted a denial of his right to a speedy trial, and presented evidence in an attempt to carry his burden of proving entitlement to bail on the capital charges, in accordance with C.Cr.P. Article 313.[2]
On September 6, 1973, the district court denied all relief sought by relator. In its reasons for judgment the court clearly indicated that it found relator had failed to sustain the burden of proving that the presumption of guilt is not great and so denied that portion of relator's application seeking bail on the murder charges. The reasons for judgment further indicate that the denial of relator's motion for a speedy trial was based on the court's reticence to contravene C.Cr.P. Art. 61's grant of authority to the District Attorney to determine "* * * whom, when and how he shall prosecute."
Relator filed an application for a rehearing in the court below, which application was denied after a hearing on September 12, 1973. As noted above, relator thereafter applied for, and we granted, writs. 285 So.2d 542 (1973).
In argument advanced in his application for writs to this Court, relator pretermitted all issues presented except the issue of his right to a speedy trial. In that writ application, he prayed primarily for a speedy trial on the two murder indictments and alternatively for a dismissal of those indictments. Since relator's brief in this Court appeared to be directed solely to the remedy of dismissal of the indictments, the Court requested from the bench that defense counsel specifically inform it of the type of relief being sought. Defense counsel stated to the Court that relator was not primarily seeking a dismissal, but desired *318 that he be afforded his constitutional right to a speedy trial.
We are of the opinion that relator has established his entitlement to be swiftly arraigned and tried on the two murder indictments pending against him. For the past two years relator has been incarcerated by virtue of the pending murder charges.[3] It has been established that during that period at least one witness alleged to be essential to relator's defense has died. The nature of the offense charged and the trial court's determination that relator has failed to meet the burden of proof required for entitlement to bail in charges denominated "capital" insured that relator will be incarcerated until a trial disposition of those charges against him.[4]
In deciding that relator has a right to be quickly arraigned and tried on the murder charges, we do not attempt to dictate to the District Attorney the order of prosecution of multiple charges pending against an accused. Our determination reflects only our concern that defendant be afforded his constitutional right to a speedy trial on the grave charges of murder pending against him. The 6th Amendment to the Constitution of the United States, and Article 1, Section 9 of our State Constitution guarantee a criminal defendant the right to a speedy trial. As long as a district attorney's exercise of the authority granted him under C.Cr.P. Article 61 to determine the order in which multiple prosecutions against a defendant are to be brought, does not operate to supercede the federal and state constitutional guarantees of a speedy trial, it cannot, and will not, be disturbed by the judicial branch of government. The order of the district attorney's prosecution of multiple charges pending against a defendant need not be affected by our ruling.
For the reasons stated above, it is ordered that defendant be brought to trial on the pending murder charges on or before March 25, 1974.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents with written reasons.
MARCUS, J., dissents.
SANDERS, Chief Justice (dissenting).
I agree that the defendant should be brought to trial at the earliest date compatible with the docket conditions in East Baton Rouge Parish and the statutory right of the District Attorney to try the riot charge first. See LSA-C.Cr.P. Arts. 61, 702.
I fear, however, that ordering this case tried by March 25 will prejudice the right of the District Attorney to determine the order of trial. He has so suggested in his brief filed in this Court.
As pointed out by the District Attorney, the defendant, by motions, has delayed the trial of the riot charge. It is now assigned for February 19. If it is further delayed, the result will be that the murder charge will come to trial first, contrary to the statutory right of the District Attorney.
For the reasons assigned, I respectfully dissent.
*319 SUMMERS, Justice (dissenting).
In the State's reply to relator's application in this Court, the State has candidly admitted to the court below and does admit to this Court the reason for its decision to first try relator on the charges of inciting to riot and participation in a riot whereby the deaths of Ralph Hancock and Dwaynie Wilder resulted. The reason is stated to be that since all of these charges grew out of one alleged factual incident, the State recognizes the possibility of being confronted with a plea of double jeopardy on the second trial. Believing that the counts involving the riot charges contained in the bill of information are more susceptible of proof, the election was made to try this particular charge first.
On the other hand, it is asserted, the defendant is obviously aware of the reason for the State's election. As this record reflects, relator has used delaying tactics against the riot charges which the State has publicly announced it had elected to try first. Relator has strenuously objected to going to trial on this charge which has been set for trial on February 19, 1974.
The delay, therefore, is: 1) due largely to relator's actions, 2) the State has justification for the course of action it has taken, 3) the State has a right to decide which offense it will try first where multiple charges arise out of the same set of facts, 4) delay invariably operates to the detriment of the State's case, not the accused, and 5) the material witness whose death is said to prejudice the defense did testify at length in another trial from which relator was severed. The witnesses' testimony has been transcribed and the State agrees to its admission on relator's trial.
In my view, therefore, the mandate the majority issues can only serve to frustrate the State in this prosecution. The constitutional right to a speedy trial is not served by this decree.
I respectfully dissent.
NOTES
[1] C.Cr.P. Art. 61. District attorney; powers and duties

Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when and how he shall prosecute. (Emphasis ours)
[2] C.Cr.P. Art. 313. Same; capital offenses; special limitation

A person charged with the commission of a capital offense shall not be admitted to bail if the proof is evident or the presumption great that he is guilty of the capital offense.
When a person charged with the commission of a capital offense makes an application for admission to bail, the judge shall hold a hearing contradictorily with the state. The burden of proof:
(1) Prior to indictment is on the state to show that the proof is evident or the presumption great that the defendant is guilty of the capital offense.
(2) After indictment is on the defendant to show that the proof is not evident nor the presumption great that he is guilty of the capital offense.
[3] Time delay is one of the four criteria set forth for deciding the issue of denial of a speedy trial in the United States Supreme Court decision of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The other three factors to be assessed are the reason for the delay, the defendant's assertion of his right and the prejudice to the defendant. Since relator asks for a recognition of his right to a speedy trial, and not for a dismissal predicated on the fact that such a denial is a fait accompli, a full assessment of the factors in this case is unnecessary.
[4] Upon denying relator's habeas corpus petition motion for speedy trial and application for bail on the murder charges, the district court, ex proprio motu, set bond on the "riot charge" at $2,000.00. If relator is tried on the murder charges prior to trial on the "riot charges" and is acquitted he may then be admitted to bail.