376 So.2d 125 (1979)
STATE of Louisiana
v.
Willis JONES.
No. 64471.
Supreme Court of Louisiana.
October 8, 1979.
*126 Hugh William Thistlethwaite, Jr., Opelousas, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Willis Jones was charged with aggravated escape, in violation of R.S. 14:110. Pursuant to C.Cr.P. 644 a sanity commission, composed of two general practitioners of medicine, was appointed to report on defendant's mental capacity to proceed. At the hearing held on this issue, the trial court found defendant competent to stand trial. Defendant was found guilty as charged and sentenced to eight years at hard labor. On appeal to this court, defendant assigned seven errors.
Assignment of Error No. 1
Defendant contends that the trial court erred in failing to appoint a psychiatrist or psychiatrists to the sanity commission. The appointment of psychiatrists to a sanity commission is not required by C.Cr.P. 644, which provides that "[t]he sanity commission shall consist of at least two and not more than three physicians who are licensed to practice medicine in Louisiana, and have been in the actual practice of medicine for not less than three consecutive years immediately preceding the appointment." (Emphasis added). The Official Revision Comment to this article indicates that, while it is contemplated that Louisiana courts will *127 continue their practice of appointing a psychiatrist or psychiatrists when available, the determination of the qualifications of the members of the commission is left in the sound discretion of the trial judge. In State v. Crochet, 354 So.2d 1288, 1292 (La. 1977), rehearing denied 1978, this court stated that "[t]he refusal to appoint available psychiatrists to a sanity commission would constitute an abuse of discretion, but in the absence of a showing that such a specialist was available for appointment there is no trial error." The record indicates that the defense made no motion that psychiatrists be appointed to the commission, no showing that such specialists were available, and no objection to the appointments made by the trial court. Accordingly there was no abuse of discretion, and this assignment is without merit.
Assignment of Error No. 2
In this assignment of error, defendant argues that because the testimony of the sanity commission indicated that he was suffering from chronic schizophrenia characterized by loss of touch with reality, the trial court's determination that defendant was not insane at the time of trial was in error. It must be noted, first, that the wording of this assignment of error misstates the nature of the determination which the trial court must make under C.Cr.P. Title XXI, Chapter 1, entitled Mental Incapacity to Proceed. C.Cr.P. 641 provides that "[m]ental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense." It is not impossible that a defendant should be found to be suffering from a mental illness but also to have the present capacity to proceed; the critical determination is whether he is able to understand the proceedings and to aid in his defense. As we noted in State v. Bennett, 345 So.2d 1129, 1137 (La.1977), on rehearing, 1977, what is required by due process is "a level of effective participation by an accused in criminal proceedings against him." Because the sanity commission found that the defendant's schizophrenia was in at least partial remission and that he was in contact with reality, the fact that he was suffering from a chronic mental illness is not inconsistent with a finding that he was competent to stand trial.
Defendant also contends that he lacked the mental capacity to understand the proceedings against him or to assist in his defense. In his per curiam comments on defendant's assignments of error, the trial judge indicated that he based his determination of defendant's capacity to proceed on the physicians' testimony that defendant's schizophrenia was in remission and that he was "otherwise normal." The trial judge viewed defendant's mother's testimony about his long history of mental disturbance and psychiatric treatment, and his current conduct, as showing only a "moodiness of behavior; "and he interpreted defendant's unsolicited statement at the sanity hearing, to the effect that he was being given "washing powder" in place of his prescribed medication, as an obvious attempt to create confusion.
Under our jurisprudence the trial judge's determination of mental capacity to assist at trial is entitled to great weight, especially where the evaluation of credibility or the resolution of conflicting well-founded medical testimony is concerned. State v. Collins, 370 So.2d 533 (La.1979), State v. Morris, 340 So.2d 195 (La.1976). In making this determination, however, the judge should reach an independent evaluation of defendant's capacity to participate in his defense, rather than depending on the conclusory reports of the sanity commission. As we noted in State v. Bennett, supra, at 1137, ". . . the trial court may not rely so extensively upon medical testimony as to commit the ultimate decision of competency to the physician." In the case before us, where the members of the sanity commission had no special expertise in psychiatric diagnosis and where their conclusions were based on very brief and superficial contacts with the defendant, the trial judge should have tried to elicit specific information from the witnesses and from the defendant *128 himself concerning the requisite levels of awareness and ability to assist which we outlined in Bennett.[1] However, because the record itself does not support the defendant's contention that he lacked the capacity to stand trial, this assignment of error lacks merit.
In his argument concerning this assignment of error, defendant also contends that his mental illness should have been considered by the trial court in determining the voluntariness of his confession. In State v. Coleman, 369 So.2d 1286, 1291 (La.1979), this court noted that "[w]here insanity is an issue, in the context of a proceeding to determine the voluntariness of a confession, (and, thus, its admissibility) the state must prove that the defendant's mental defect did not preclude the voluntary giving of a confession." The state's burden of proving that a confession was freely and voluntarily given, as required by C.Cr.P. 703(C), R.S. 15:451, and Art. 1, § 16, La.Const.1974, is that of proof beyond a reasonable doubt. State v. Glover, 343 So.2d 118 (La.1976), on rehearing 1977, State v. Trudell, 350 So.2d 658 (La.1977). Great weight is accorded to the trial court's determination of whether the state has satisfied its burden of proof. The record of the hearing on the motion to suppress the confession shows that the defendant's evidence was insufficient to raise the issue of his mental capacity to give a free and involuntary confession, and that the police officer who took defendant's confession testified that defendant appeared rational and coherent at that time. Defendant's contention is therefore without merit.
Assignments of Error Nos. 3, 4 and 5
In these assignments of error, defendant alleges that the trial court erred in failing to sustain his objections to and challenges for cause of three jurors. C.Cr.P. 800 provides that "(a) defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges shall have been exhausted before the completion of the panel." Because the minutes of the trial court show that defendant used only eleven of the twelve peremptory challenges available to him for the regular panel, this complaint may not be entertained.
Assignments of Error Nos. 6 and 7
These assignments allege error in the trial court's refusal to grant the defendant's request that another attorney be appointed to defend him and defense counsel's request that he be permitted to withdraw from the case. These requests were made by motion almost immediately after the actual trial proceedings began, before the examination of any witnesses. Defendant's request was based on an alleged lack of communication between himself and his attorney, while his attorney stated that he had been unable to elicit intelligent assistance from defendant and that defendant was seeking advice from other lawyers. In response to these requests, the trial court explained that it would be impossible to enlist the services of another attorney at that stage of the proceedings. The court offered to permit defendant to proceed pro se with the assistance of his original counsel, but defendant rejected this suggestion. *129 The trial judge's comment on this assignment of error indicates that he construed defendant's request as an attempt to delay the trial proceedings.
Article 1, § 13, La.Const. 1974 guarantees that a criminal defendant shall have the "assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment." C.Cr.P. 515 further provides that "[a]ssignment of counsel shall not deprive the defendant of the right to engage other counsel at any stage of the proceedings in substitution of counsel assigned by the court." However, in State v. Lee, 364 So.2d 1024 (La.1978), rehearing denied 1978, this court emphasized the fact that this right cannot be manipulated to obstruct the orderly procedure of the courts, and that it must be exercised at an appropriate time and in a reasonable manner. We also noted in Lee that "[o]nce the day of trial arrives, the question of substitution of counsel rests largely within the discretion of the trial judge," supra, at 1028.[2] In his argument on this assignment of error defendant, now represented by an attorney other than his counsel at trial, offers no evidence of any prejudice occasioned by trial counsel's continued representation; and no evidence of any such prejudice appears in the record. We therefore find that the trial judge did not abuse his discretion in denying the motion for new counsel and that this assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, C. J., concurs.
NOTES
[1] ". . . Appropriate considerations in determining whether the accused is fully aware of the nature of the proceedings include: whether he understands the nature of the charge and can appreciate its seriousness; whether he understands what defenses are available; whether he can distinguish a guilty plea from a not guilty plea and understand the consequences of each; whether he has an awareness of his legal rights; and whether he understands the range of possible verdicts and the consequences of conviction. Facts to consider in determining an accused's ability to assist in his defense include: whether he is able to recall and relate facts pertaining to his actions and whereabouts at certain times; whether he is able to assist counsel in locating and examining relevant witnesses; whether he is able to maintain a consistent defense; whether he is able to listen to the testimony of witnesses and inform his lawyer of any distortions or misstatements; whether he has the ability to make simple decisions in response to well-explained alternatives; whether, if necessary to defense strategy, he is capable of testifying in his own defense; and to what extent, if any, his mental condition is apt to deteriorate under the stress of trial. . . ." 345 So.2d 1129 at 1138.
[2] Lee concerned the denial of a motion for continuance for the purpose of substituting retained counsel for court appointed counsel, but the reasoning of that decision is equally applicable to the situation before use here.