DUFRESNE, Judge.
Defendant, David Lovick, was convicted by a 12-person jury of first degree robbery of a Time Saver Convenience Store in Lul-ing and sentenced to five years at hard labor without benefit of parole, probation or suspension of sentence.
On April 16,1986, Lovick was granted an out-of-time appeal and assigns two errors for our review:
(1) That the trial court erred in failing to grant the defendant’s motion for a six man jury.
(2) That the trial judge erred in granting the defendant’s motion to add first degree robbery as a responsive verdict in contravention to Art. 814 of the Code of Criminal Procedure.
FACTS
On July 29, 1984 at approximately 6:00 p.m., Time Saver employees Roy Boyd and Evelyna Williams were standing behind the counter at the Time Saver 105 on Paul Maillard Road in Luling, Louisiana when the defendant approached the counter. The defendant pulled a gun and told them not to make him use it. He then asked for everything in the register. Ms. Williams gave the defendant the contents of the register, approximately $85.00, and the defendant left.
One or two days after the robbery, Roy Boyd identified the defendant’s picture in a photographic line-up.
One week after the robbery Ms. Williams was working at the store when the defendant entered and bought three beers and some gasoline. After he left the store, Ms. Williams notified the police. The defendant later returned and Ms. Williams triggered the silent alarm. The police arrived on the scene and arrested the defendant.
ASSIGNMENT OF ERROR NUMBER 1
Article I, Section 17 of the Louisiana Constitution of 1974 provides “A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of- twelve persons[.]” Likewise, C.Cr.P. art. 782 provides in pertinent part that “cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of them must concur to render a verdict.” Pursuant to C.Cr.P. art. 5 the word “shall” in a statute is mandatory, and therefore the trial court is without discretion to grant the defendant in a felony case a six person jury. Indeed, had the trial court granted the defendant’s motion, the verdict would have been null. See State v. Jenkins, 406 So.2d 1352 (La.1981); State v. Gary, 445 So.2d 200 (La.App. 2nd Cir.1984).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
Prior to the court’s charge to the jury the trial judge brought to the attention of both counsel for the State and the defendant that he believed the first degree robbery, R.S. 14:64.1 is a responsive verdict to the charge of armed robbery. He felt that the Legislature in amending Article 814 of the Code of Criminal Procedure merely failed to include first degree robbery as a responsive verdict to armed robbery.
At the request of the defense counsel the trial court added first degree robbery as a responsive verdict.
The defendant now alleges that it was error for the trial court to include first degree robbery as a responsive verdict to armed robbery.
At the time of trial on March 25, 1985, C.Cr.P. art. 814 provided that the responsive verdicts to armed robbery were: guilty, guilty of simple robbery, guilty of attempted armed robbery and not guilty. C.Cr.P. art. 814 was subsequently amended by Acts 1985, No. 799, Section 1 to include first degree robbery as a responsive verdict.
An issue similar to the one presented here was before the court in State v. *91 Williams, 440 So.2d 195 (La.App. 3rd Cir.1983). In that case, the defendant was charged with forcible rape. The defense counsel requested that attempted simple rape be included as a responsive verdict in the jury charge. The defendant was subsequently convicted of attempted simple rape. The reviewing court, on an error patent review, noted that attempted simple rape was not responsive to the charge of forcible rape. However, the “defense counsel requested inclusion of attempted simple rape as a responsive verdict in hope of his client receiving a lesser sentence. He cannot now be heard to argue that the conviction was not responsive to the indictment.”
Subsequent to the defendant’s trial and conviction, C.Cr.P. art. 814 was amended to include first degree robbery as a responsive verdict to armed robbery. In State ex rel Elaire v. Blackburn, 424 So.2d 246 (La.1982) the court held that where the defendant fails to object to the trial court’s failure to exclude a responsive verdict which would not be supported by the evidence, the defendant cannot complain on appeal from that verdict, provided the evidence produced on trial would have supported a conviction for the charged offense. Here the State proved that the defendant, while armed with a gun, took approximately $35.00 from Evelyna Williams while she was working at a Time Saver. This evidence would have been sufficient to support a conviction for armed robbery. Likewise, this evidence is sufficient to support a conviction for first degree robbery.
It appears that, as a matter of trial strategy, the defendant agreed that first degree robbery should be included as a responsive verdict to armed robbery. Having done so, he cannot now raise this issue on appeal.
This assignment of error is without merit.
Defendant’s conviction and sentence are affirmed.
AFFIRMED.