BOWES, Judge.
Defendant, John Scott, was originally charged with simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.-2. After a trial before a jury of twelve persons, Scott was found guilty of the lesser but included offense of unauthorized entry of an inhabited dwelling. Defendant appeals.
The trial court ordered a pre-sentence investigation report. At the sentencing hearing, Scott was sentenced to imprisonment at hard labor for six years. Three of those years were suspended, and, upon release, defendant was to be placed on active probation for a term of six years.
Defendant presents three assignments of error:
1. The Court imposed an illegal sentence.
2. The evidence presented at trial was not sufficient to justify the verdict.
3. Also assigned as error are any and all errors patent on the face of the record.

Assignment of Error No. 1

Scott asserts and the State concurs that the trial judge erred when he placed the defendant on six years of active probation. LSA-C.Cr.P. art. 893 provides for suspension of sentence and probation in felony cases and states in pertinent part:
A. When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor or a felony which is a violation of the Uniform Controlled Dangerous Substances Law,1 non-capital felony, may suspend, in whole or in part, for the first conviction only the imposition or execution of any sentence, *830 where suspension is allowed under the law and in either case place the defendant on probation under the supervision of the division of probation and parole. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal, [emphasis added — footnote omitted]
If a trial judge does not impose a sentence authorized or directed by law, the sentence is illegal. State ex rel Hebert v. Henderson, 290 So.2d 832 (La.1974); State v. Outlaw, 485 So.2d 217 (La.App. 2 Cir. 1986). The sentence in the present case is clearly illegal on its face, as the time on probation exceeds the five-year statutory maximum allowed for probation under La. C.Cr.P. art. 893. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. LSA-C.Cr.P. art. 882.
As the sentencing error is unfavorable to the defendant and is in excess of the statutory penalty allowed, the appellate court is obligated to recognize and correct the error to conform with the law. State v. Jackson, 452 So.2d 682 (La.1984). Accordingly, we amend the sentence and impose a five-year active probation in accordance with LSA-C. Cr.P. art. 893.

Assignment of Error No. 2

Defendant urges this court to undertake an examination of the evidence presented at trial to determine whether, as a matter of law, the evidence presented by the State was sufficient to justify the verdict rendered.
The State argues that this court should not examine the record to determine whether there has been sufficient evidence since no basis is given by appellant for the objection which was not raised in the trial court. However, whenever a case is “devoid of evidence of an essential element of the charged offense [the] conviction and sentence must be set aside [citations omitted] regardless of how the error is brought to the attention of the reviewing court.” State v. Raymo, 419 So.2d 858, 861 (La. 1982). Since appellant raises the issue of sufficiency through his assignments of error, we are obligated by the jurisprudence to review the record in this regard. Raymo, supra.
The test for determining sufficiency of evidence was first enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This is not a separate test from the Jackson standard, but rather a “helpful methodology for its implementation.” Ultimately, all evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that defendant is guilty beyond reasonable doubt. State v. Sharlow, 493 So.2d 213 (La.App. 5 Cir.1986), Writ denied 496 So.2d 329 (La.1986).
In the present case, defendant was charged with simple burglary of an inhabited dwelling (L.R.S. 14:62.2); however, the jury returned a verdict of guilty to the lesser included offense of unauthorized entry of an inhabited dwelling. The elements necessary to sustain a conviction for unauthorized entry of an inhabited dwelling are set forth in L.R.S. 14:62.3(A), which reads as follows:
“Unauthorized entry of an inhabited dwelling is the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person.”
Thus, in order to support defendant’s conviction, the State must prove that 1) defendant entered the inhabited dwelling of Ms. Rogers and 2) without her authorization for such entry.
*831 There was testimony at trial by Barbara Rogers that on April 28, 1986, between 3:00 a.m. and 4:00 a.m., her niece (Tammy Rogers), who was residing with her at the time at 309 District Drive, ran into her bedroom yelling that someone was in the house, as she had seen a shadow. As Barbara ran out of her bedroom, she saw defendant leaving her house through the front door, and immediately called the police. Barbara testified that defendant must have entered through her back door because her locks were previously broken and she was using a screwdriver to keep the door closed.
Ms. Rogers testified that she got a good look at defendant’s face as he was leaving because he turned his head around and there was also a light on in the living room. She further testified that she recognized the defendant because she previously worked with him at Jefferson Parish Public Works office, and she gave the investigating officer a full description of him, his nickname (“Frog”), and where he lived. Subsequently, both Barbara Rogers and Tammy Rogers positively identified the defendant as the perpetrator at trial and testified that at no time had defendant been given permission to enter the residence.
The above uncontradicted testimony unquestionably supports defendant’s conviction of unauthorized entry of an inhabited dwelling. This assignment is totally without merit.

Assignment of Error No. 3

We have conducted a careful examination of the record before us, pursuant to the provisions of LSA C.Cr.P. art. 920 and guidelines set out by the Louisiana Supreme Court [see State v. Oliveaux, 312 So.2d 337 (La.1975)], and find no errors patent on the record, other than the illegal sentence discussed in Assignment of Error No. 1.
Accordingly, for the foregoing reasons, we amend the sentence to place the defendant on five years active probation (instead of six) upon his release from imprisonment pursuant to LSA-C.Cr.P. art 893. In all other respects, the verdict and sentence of the trial court are affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.