527 So.2d 1045 (1988)
STATE of Louisiana
v.
Bobby ISSAC.
No. 87-KA-466.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
*1047 Harry J. Morel, Jr., Dist. Atty., Kurt Sins, Gregory C. Champagne, Emile St. Pierre, Asst. Dist. Attys., Hahnville, for plaintiff-appellee.
Randell O. Lewis, Luling, for defendant-appellant.
Before KLIEBERT, GRISBAUM and GOTHARD, JJ.
KLIEBERT, Judge.
The defendant, Bobby Issac, was convicted by a twelve person jury for possession of a firearm by a felon (LSA-R.S. 14:95.1) and was sentenced to five years at hard labor without benefit of parole, probation or suspension of sentence. His appeal was dismissed by this court on a procedural defect; however, the supreme court reinstated the appeal and vacated our order of dismissal. No. 88-K-0048. 521 So.2d 1161. Issac formally assigned eleven errors but has briefed and argued only nine.[1] Finding no merit in the assigned errors, we affirm the conviction. However, we amend the sentence to give credit for time served and as amended affirm.
On June 15, 1986 Issac was involved in an altercation at the Pisces Lounge with one Herbert Simmons. Issac is alleged to have retrieved a revolver from his automobile and in the ensuing struggle was wounded when Simmons wrested the revolver from his grasp and shot him. Issac was hospitalized in Terrebonne Parish until June 20, 1986, at which time he was transported to the Hahnville jail. He later gave a statement about the incident to Detective Chris Canaski of the St. Charles Parish Sheriff's Office.
In his first assignment defendant contends the trial judge violated his right to counsel of his choice by denying his *1048 motion to continue the trial in order that he might secure private counsel. We disagree. While it is true that both the federal and state constitutions guarantee a criminal defendant counsel of his choice, the exercise of this privilege is not without certain restraints. In State v. Seiss, 428 So.2d 444, 447 (La.1983) the court declared:
This court has consistently held that this right cannot be manipulated to obstruct the orderly procedure of the courts and cannot be used to interfere with the fair administration of justice. State v. Champion, 412 So.2d 1048, 1050 (La.1982); State v. Johnson, 389 So.2d 1302, 1304 (La.1980); State v. Jones, 376 So.2d 125, 129 (La.1979); State v. Lee, 364 So.2d 1024, 1028 (La.1978); State v. Anthony, 347 So.2d 483, 487 (La.1977). Defendant must exercise his right to counsel of his choice at a reasonable time, in a reasonable manner and at an appropriate stage of the proceedings. State v. Champion, supra at 1050; State v. Johnson, supra at 1304; State v. Lee, supra at 1028; State v. Leggett, 363 So. 2d 434, 436 (La.1978); State v. Cousin, 307 So.2d 326, 328 (La.1975). Absent a justifiable basis, "[t]here is no constitutional right to make a new choice of counsel on the very date the trial is to begin, with the attendant necessity of a continuance and its disrupting implications." State v. Leggett, supra at 436. Once the trial date has arrived, the question of withdrawal of counsel largely rests with the discretion of the trial court, and his ruling will not be disturbed in the absence of a clear showing of abuse of discretion. State v. Leggett, supra at 436; State v. Cousin, supra at 328; State v. Boudoin, 257 La. 583, 588-89, 243 So.2d 265, 267 (1971).
Indigent counsel was appointed four months prior to trial, after Issac swore under oath that he could not afford to retain counsel. Appointed counsel appeared at numerous hearings and filed numerous motions on Issac's behalf. At no time did Issac go on record to express dissatisfaction with counsel's performance. It was not until the morning of trial that defendant requested a continuance in order that he might retain counsel. No justification for the change was advanced. Moreover, the alleged private counsel was not present to confirm that he had agreed to represent the defendant. Under these circumstances, we discern no abuse of the trial judge's discretion.
Defendant next contends the trial judge erred in allowing the state to proceed to trial on the firearms charge and to amend the bill of information on the firearms charge to reflect an underlying felony conviction for simple burglary. Defendant claims his right to prepare a defense to the firearms charge was prejudiced.
Two cases against the defendant were set for trial on the same daythe firearms charge and a drug charge. However, after an adverse evidentiary ruling following a Prieur hearing, the state elected to change the order of the docket and proceeded with the firearms charge. Defendant's objection to the change in the order of trial was overruled. The state also amended the bill of information on the firearms charge to reflect an underlying conviction for simple burglary rather than for possession of a controlled dangerous substance.
La.C.Cr.P. article 61 vests in the district attorney charge and control over every criminal prosecution pending in his district, including the power to determine whom, when and how he shall prosecute. As long as the district attorney's exercise of this power does not operate to supersede federal and state constitutional guarantees, it cannot be disturbed by the judicial branch. See State ex rel Eames v. Amiss, 288 So.2d 316 (La.1974). Here the firearms case was set for trial on the same day as the drug case. Defendant did not move for a continuance of either case on the grounds counsel was unprepared. No discernible benefit accrued to the state when it tried the firearms case before the drug case. Moreover, defendant fails to specifically indicate how his ability to prepare a defense was affected by the change in the order of the docket.
As regards the amendment to the bill of information, La.C.Cr.P. article 487 provides *1049 that the trial court may order such an amendment before the trial begins. La.C. Cr.P. article 489 provides:
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy.
When a bill of information is amended, unless a defendant moves for a continuance on the grounds he is prejudiced thereby and requires additional time to prepare his defense, he cannot later contend he was prejudiced by the amendment. State v. Williams, 347 So.2d 184 (La.1977). The burden is on the defendant to establish that an amendment to an information or indictment has prejudiced his defense so as to necessitate granting a continuance. State v. Davis, 385 So.2d 193 (La.1980). The defendant did not move for a continuance or otherwise object to the amendment of the information. Thus, there was no showing or even an attempt to show that the defendant was prejudiced by the amendment. Therefore, in our view these assignments of error are meritless.
In his next assignment of error defendant contends the trial judge erred in denying his motion to suppress the oral statement given to Detective Canaski at the Hahnville jail because a reasonable doubt existed as to whether the statement was free and voluntary, in that he was suffering from a gunshot wound and was weak, short of breath, and under the influence of medication at the time.
Before a confession or inculpatory statement can be introduced into evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. LSA-R.S. 15:451; LSA-C.Cr.P. article 703 C; State v. Vaccaro, 411 So.2d 415 (La.1982). The admission of a confession or an inculpatory statement in the first instance is a question for the trial judge, and his conclusions on the credibility and weight of testimony relating to the voluntariness of a confession or inculpatory statement will not be overturned on appeal unless they are unsupported by the evidence. State v. Vaccaro, supra.
Detective Canaski testified that when Issac arrived at the jail at 3:00 p.m. on June 20, he was advised of his Miranda rights. Issac refused to make a statement and refused to sign the advice of rights form. Approximately twenty minutes later Issac requested that he be allowed to speak with Detective Canaski. Detective Canaski again completed an advice of rights form which was signed by the defendant waiving his rights. Detective Canaski wrote the substance of defendant's statements on the form, and defendant read and signed the form. Detective Canaski testified that the defendant, although very weak, did not appear to be under the influence of medication but rather understood what was going on. Detective Canaski testified that no force, intimidation, or threats were used to secure the statement. Detective Canaski's testimony was corroborated by the testimony of Lt. Michael Jackson, a warden of the Correctional Center.
Defendant did not testify at the suppression hearing. As there is no positive evidence in support of defendant's argument that his physical condition rendered the statement legally involuntary, the trial judge did not err in denying the motion to suppress. See State v. Smith, 407 So.2d 652 (La.1981). This assignment of error is meritless.
Defendant next contends the trial judge erred in failing to grant his motion to waive a twelve-man jury in favor of a six-man jury. We disagree. The criminal possession of a firearm by a convicted *1050 felon is punishable by not less than three years at hard labor. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons. La. Const. Art. I, Sect. 17; LSA-C.Cr.P. article 782; State v. Lovick, 498 So.2d 89 (5th Cir.1986). A verdict returned by a jury composed of fewer than the correct number of jurors is null. State v. Jenkins, 406 So.2d 1352 (La.1981). The trial court did not err in denying defendant's motion and seating a twelve-person jury. This assignment is meritless.
Defendant contends the trial judge erred in denying his motion to remove the remaining members of the jury venire from the courtroom while a panel was being questioned, because prospective jurors were given the opportunity to formulate answers in advance and ensure that they were selected or were not selected as jurors, depending on their individual desire. Faced with the identical argument in State v. Kirkpatrick, 443 So.2d 546, 556 (La. 1983), the court stated:
There is no provision in our law which either prohibits or requires the sequestration of prospective jurors for an individual voir dire. The manner in which the veniremen are called and the scope of examination are left to the court's discretion. La.C.Cr.P. art. 784; Id., comment (c); La.C.Cr.P. art. 786; State v. Willie, 410 So.2d 1019 (La.1982). The burden is on the defendant to show that the court abused its discretion in refusing to sequester the venire at voir dire. State v. David, 425 So.2d 1241 (La.1983); State v. Watson, 423 So.2d 1130 (La.1982); State v. Willie, 410 So.2d 1019, supra. Whether there were any jurors that learned from others during the voir dire how to escape jury service is a matter difficult of proof and, in our view, an assertion made primarily on conjecture. From our independent review of the record, we are convinced that the defendant failed to carry his burden of proving an abuse of discretion by the court. Defendant has failed to prove prejudice on the part of the jurors.
See also State v. Comeaux, 514 So.2d 84 (La.1987).
The jury selection process was not transcribed because, according to a notation in the record, no objections were lodged during the process. The absence of objections indicates that defense counsel was satisfied that the jury selection process did not operate to his client's detriment. Moreover, defendant has not alleged on appeal specific examples of prejudicial conduct by jurors. Counsel in effect asks us to assume such conduct existed. This we decline to do. This assignment of error is meritless.
In his next assignment defendant contends the trial judge erred in allowing the state to introduce into evidence a pistol allegedly found at the scene of the crime because the chain of custody was incomplete. The foundation required for the admission of demonstrative evidence was set forth in State v. Dotson, 256 So.2d 594, 608-609 (La.1971) (on rehearing), cert. denied 409 U.S. 913, 93 S.Ct. 242, 13 L.Ed.2d 173:
To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. State v. Coleman, 254 La. 264, 223 So.2d 402; State v. Martin, 250 La. 705, 198 So.2d 897; State v. Bertrand, 247 La. 232, 170 So.2d 386.
The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the *1051 jury. State v. Wright, 254 La. 521, 225 So.2d 201; State v. Whitfield, 253 La. 679, 219 So.2d 493; State v. Progue, 243 La. 337, 144 So.2d 352; 2 Wharton's Criminal Evidence (12th ed.), § 673, p. 617.
See also State v. Gultry, 471 So.2d 804, 808 (5th Cir.1985).
Det. George Frank Guidry was called as a witness at trial and positively identified the revolver as the one he retrieved at the crime scene. The identification was based on the revolver's serial number as well as Guidry's initials, which he had scratched into the barrel. Detective Guidry's testimony established that it is more probable than not that the revolver is the one recovered at the crime scene. This assignment of error is meritless.
Defendant contends the trial judge erred in instructing the jury that "possession" is defined as "the act of having or taking into control" because said definition could lead the jury to believe that an accidental or inadvertent possession or possession in self-defense must be a violation of LSA-R. S. 14:95.1, whereas criminal possession required "guilty knowledge."
We first note that defense counsel did not object to the charge which the trial judge gave to the jury. A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. LSA-C.Cr.P. article 801; State v. Wiggins, 518 So.2d 543 (5th Cir. 1987). Moreover, the court also charged the jury as to the definition of general criminal intent and the definition of self-defense. Thus, the jury was aware that as a prerequisite to a verdict of guilty they had to find that the defendant averted to the prescribed criminal consequences as reasonably certain to result from his acts and that the defendant did not act through the compulsion of threats by another of death or great bodily harm. The jury charges as a whole correctly stated the applicable law. This assignment of error is meritless.
In his final assignment defendant contends the trial court erred in allowing the state to introduce evidence of the defendant's prior conviction and parole on burglary charges. Proof of the burglary conviction was a prerequisite to finding that the defendant was a convicted felon in possession of a firearm. As proof of the conviction the state, over defense objections, asked State Trooper Philip Monteleone to read defendant's original parole certificate to the jury. Defendant contends the state failed to lay a proper foundation for the authentication of the certificate and failed to provide a copy of the certificate in advance of trial, despite a request for all such documents.
While the issues raised by defendant are serious, they are rendered moot by his subsequent stipulation during trial that he was the same Bobby Issac who had been convicted of burglary in 1976 and was released on parole on May 18, 1977. In light of the stipulation, the state did not introduce the parole certificate into evidence, and defendant suffered no prejudice as a result of Trooper Monteleone reading the certificate to the jury. See State v. Husband, 437 So.2d 269 (La.1983). This assignment of error is meritless.
We have also reviewed the record for errors patent on its face, as authorized by LSA-C.Cr.P. article 920. We found two; one favorable to the defendant and one unfavorable, respectively:
(1) The sentence is illegally lenient in that the mandatory fine of not less than one thousand dollars was not imposed; and
(2) The defendant was not given credit for time served, as mandated by LSA-C.Cr.P. article 880.
As the failure to impose a fine is an error in Issac's favor, and the state has not by motion or argument to this court requested that we do so, we are powerless to correct it. State v. Brooks, 496 So.2d 1208 (5th Cir.1986). However, we can and will correct the sentence to allow the defendant credit for time served. LSA-C.Cr.P. art. 882; State v. Scott, 511 So.2d 828 (5th Cir.1987).
*1052 Accordingly, we affirm the conviction and amend the sentence to provide for credit for time served and, as amended, affirm the sentence.
CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED
NOTES
[1] Assignments of error which are not briefed on appeal are considered abandoned. State v. Kelly, 453 So.2d 641 (5th Cir.1984); State v. Allen, 451 So.2d 618 (5th Cir.1984).